# EXHIBIT A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Se |
| 2320 - Served By Mail | 2321 - Served |
| 2420 - Served By Publication | 2421 - Served |
| **SUMMONS** | **ALIAS - SUMI** |

*Received 10/23/17 @ 10:10 AM by P-Pgx*

\* 0 0 8 3 9 1 5 4 \*

(2/28/11) CCG N001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, <u>LAW</u> _____ DIVISION

**RECEIVED**

OCT 23 2012

No. _____

**Law Department**

THANDI WOOLDRIDGE
_____
(Name all parties)

v.

HONEYWELL, INTERNATIONAL, et al
_____

⊙ **SUMMONS** ○ **ALIAS SUMMONS** *The Boeing Co.*
*100 Riverside Dr*
*Chicago, IL 60606*

To each Defendant:

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room <u>801</u> _____, Chicago, Illinois 60602

○ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

○ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

○ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

○ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

○ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

   This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: <u>11151</u>

Name: <u>Floyd A. Wisner</u>

Atty. for: <u>Plaintiff</u>

Address: <u>3N 780 Trotter Lane</u>

City/State/Zip: <u>St Charles, IL 60175</u>

Telephone: <u>1-630-513-9434</u>

WITNESS, _____, ___

DOROTHY BROWN
Clerk of Court

OCT 22 2012

Date of service: _____, ___
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2121 - Serv |
| 2220 - Not Served | 2221 - Not S |
| 2320 - Served By Mail | 2321 - Serv |
| 2420 - Served By Publication | 2421 - Serv |
| SUMMONS | ALIAS - SUI |

\* 0 0 8 3 9 1 5 4 \*

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW _____ DIVISION

No. _____

THANDI WOOLDRIDGE
_____ (Name all parties)

v.

HONEYWELL, INTERNATIONAL, et al
_____

### ⊙ SUMMONS ○ ALIAS SUMMONS *The Boeing Co.*
*100 Riverside Dr*
*Chicago, FL 60606*

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room 801 _____, Chicago, Illinois 60602

○ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

○ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 11151

Name: Floyd A. Wisner

Atty. for: Plaintiff

Address: 3N 780 Trotter Lane

City/State/Zip: St Charles, IL 60175

Telephone: 1-630-513-9434

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

DOROTHY BROWN
Clerk of Court

Date of service: OCT 22 2012 _____,
(To be inserted by officer on copy left with defendant or other person)

(Area Code)    (Facsimile Telephone Number)

BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
COUNTY DEPARTMENT LAW DIVISION

THANDI WOLDRIDGE, Personal Representative
of IAN WOOLDRIDGE, deceased,

Plaintiff

v

HONEYWELL, INTERNATIONAL, a corporation,
JEPPESEN SANDERSON, INC., a corporation,
THE BOEING COMPANY, a corporation,

Defendants

2012L013002
CALENDAR/ROOM C
TIME 00:00
Product Liability

## COMPLAINT

Plaintiff Thandi Wooldridge, Personal Representative of Ian Wooldridge, deceased, through her undersigned attorney, for her complaint against defendants Honeywell, International, Jeppesen Sanderson, Inc., and The Boeing Co. states as follows:

## COUNT I

1. Plaintiff Thandi Wooldridge is a citizen and resident of the United Kingdom. She is the duly-qualified Personal Representative of Ian Wooldridge, deceased. She brings this action on behalf of herself and Rhett Wooldridge, a minor, and the son of plaintiff and plaintiff's decedent and the only other beneficiary of Ian Wooldridge.

2. Defendants Honeywell, International and Jeppesen Sanderson, Inc. are U.S. corporations which do business in this State sufficient to subject them to the jurisdiction of the courts of this State. Defendant The Boeing Co. is a corporation which has its principal place of business in, and is a resident of, Illinois.

1

3. On a date prior to October 23, 2010, defendant Honeywell, International ("Honeywell") designed, manufactured, assembled and sold a certain avionics component known as the Skymap IIIC which defendant Honeywell represented would provide the pilot of a helicopter with certain information, specifically including the height of terrain in the area of the flight.

4. On October 23, 2010, plaintiff's decedent Ian Wooldridge was a passenger on board a certain Agusta 109 helicopter, registration N2NR, being operated in Northern Ireland. The subject helicopter was equipped with a Honeywell Skymap IIIC.

5. At the time the Skymap IIIC on the subject helicopter left the custody and control of the defendant Honeywell it was defective and unreasonably dangerous in one or more of the following respects:

    (a) the Skymap IIIC did not display terrain above 2,000 feet;

    (b) the Skymap IIIC falsely depicted terrain which actually was *above* 2,000 feet as being *below* 2,000 feet;

    (c) the Skymap IIIC did not contain any warning or advice that it did not display terrain above 2,000 feet;

    (d) the Skymap III did not contain any warning that terrain which actually was above 2,000 feet would be falsely displayed as being below 2,000 feet;

    (e) the user's manual provided with the Skymap IIIC affirmatively misrepresented that it would depict terrain above 2,000 feet up to 9,000 feet when it did not do so.

6. As the direct and proximate result of one or more of the above-described unreasonably dangerous defects in defendant Honeywell's Skymap IIIC, the subject helicopter in which plaintiff's decedent was a passenger was caused to collide with

Shanlieve Mountain, which defendant Honeywell's Skymap IIIC had falsely depicted as being below 2,000 feet, and plaintiff's decedent was killed.

7. Plaintiff's decedent left surviving heirs and beneficiaries, specifically the plaintiff and Rhett Wooldridge, a minor, and the son of plaintiff and plaintiff's decedent, for whose benefit this action is brought.

8. The plaintiff and the other heir and beneficiary of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

9. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiff Thandi Wooldridge, Personal Representative of Ian Wooldridge, through her undersigned attorney, prays for the entry of a judgment in her favor and against defendant Honeywell, International for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT II

1-6. As paragraphs 1-6 of Count II, plaintiff realleges paragraphs 1-6 of Count I.

7. As the direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions of defendant Honeywell's Skymap IIIC which caused the subject helicopter to crash into Shanlieve Mountain, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature,

3

inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

8. Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

9. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiff Thandi Woldridge, Personal Representative of Ian Wooldridge, through her undersigned attorney, prays for the entry of a judgment in her favor and against defendant Honeywell, International for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT III

1-4. As paragraphs 1-4 of Count III, plaintiff realleges paragraphs 1-4 of Count I.

5. At all times relevant hereto, defendant Honeywell owed a duty to plaintiff and plaintiff's decedent to use reasonable care in the design, manufacture, assembly and sale of the Skymap IIIC so as not to cause injury to, or the death of, plaintiff's decedent.

6. Defendant Honeywell negligently breached its duty of care owed to plaintiff and plaintiff's decedent through one or more of the following negligent acts or omissions:

> (a) negligently designed, manufactured, assembled and sold the Skymap IIIC such that the Skymap IIIC did not display terrain above 2,000 feet;

> (b) negligently designed, manufactured, assembled and sold the Skymap IIIC such that the Skymap IIIC falsely depicted terrain which actually was *above* 2,000 feet as being *below* 2,000 feet;

> (c) negligently designed, manufactured, assembled and

4

sold the Skymap IIIC without providing any warning
or advice that it did not display terrain above 2,000 feet;

(d) negligently designed, manufactured, assembled and
sold the Skymap IIIC without providing any warning
or advice that terrain which actually was above 2,000 feet
would be falsely displayed as being below 2,000 feet;

(e) negligently prepared and provided a user's manual
with the Skymap IIIC which affirmatively misrepresented
that it would depict terrain above 2,000 feet up to
9,000 feet when it did not do so.

7. As the direct and proximate result of one or more of the above-described negligent acts or omissions of defendant Honeywell, the subject helicopter in which plaintiff's decedent was a passenger was caused to collide with Shanlieve Mountain, which defendant Honeywell's Skymap IIIC had falsely depicted as being below 2,000 feet, and plaintiff's decedent was killed.

8. Plaintiff's decedent left surviving heirs and beneficiaries, specifically the plaintiff and Rhett Wooldridge, a minor and the son of plaintiff and plaintiff's decedent, for whose benefit this action is brought

9. The plaintiff and the other heir and beneficiary of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

10. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiff Thandi Wooldridge, Personal Representative of Ian Wooldridge, through her undersigned attorney, prays for the entry of a judgment in her favor and against defendant Honeywell, International for an amount in excess of the

5

minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT IV

1-4. as paragraphs 1-4 of Count IV, plaintiff realleges paragraphs 1-4 of Count I.

5-7. As paragraphs 5-7 of Count IV, plaintiff realleges paragraphs 5-7 of Count III.

8. As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant which caused the subject helicopter to crash into Shanlieve Mountain, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

9. Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

10. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiff Thandi Wooldridge, Personal Representative of Ian Wooldridge, through her undersigned attorney, prays for the entry of a judgment in her favor and against defendant Honeywell, International for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT V

1-2. As paragraphs 1-2 of Count V, plaintiff realleges paragraphs 1-2 of Count I.

6

3. On a date prior to October 23, 2010, defendant Honeywell designed, manufactured, assembled and sold a certain avionics component known as the Skymap IIIC which defendant Honeywell represented would provide the pilot of a helicopter with certain information, specifically including the height of terrain in the area of the flight.

4. On October 23, 2010, plaintiff's decedent Ian Wooldridge was a passenger on board a certain Agusta 109 helicopter, registration N2NR, being operated in Northern Ireland. The subject helicopter was equipped with a Honeywell Skymap IIIC.

5. On a date prior to October 23, 2010, the specific date of which is known to defendant Honeywell, but not known at this time to plaintiff, defendant Honeywell provided and published a user's manual to the owner and operator of the Skymap III on the subject helicopter.

6. In its user's manual, defendant Honeywell intentionally and fraudulently misrepresented that its Skymap III would depict terrain above 2,000 feet up to 9,000 feet.

7. Defendant made this intentional, fraudulent misrepresentation with the intent that users of its Skymap III would rely upon this misrepresentation and the user of the Skymap III on the subject helicopter did rely upon such misrepresentation to his detriment and that of plaintiff's decedent and plaintiff.

8. As the direct and proximate result of the intentional, fraudulent misrepresentation of defendant Honeywell, the subject helicopter in which plaintiff's decedent was a passenger was caused to collide with Shanlieve Mountain, which defendant Honeywell's Skymap IIIC had falsely depicted as being below 2,000 feet, and plaintiff's decedent was killed.

7

9. Plaintiff's decedent left surviving heirs and beneficiaries, specifically the plaintiff and Rhett Wooldridge, a minor and the son of plaintiff and plaintiff's decedent, for whose benefit this action is brought

10. The plaintiff and the other heir and beneficiary of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

11. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiff Thandi Wooldridge, Personal Representative of Ian Wololdridge, through her undersigned attorney, prays for the entry of a judgment in her favor and against defendant Honeywell, International for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

### COUNT VI

1-2. As paragraphs 1-2 of Count VI, plaintiff realleges paragraphs 1-2 of Count I.

3-8. As paragraphs 3-8 of Count VI, plaintiff realleges paragraphs 3-8 of Count V.

9. As the direct and proximate result of the intentional, fraudulent misrepresentations of defendant Honeywell which caused the subject helicopter to crash into Shanlieve Mountain, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

10. Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

11. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiff Thandi Woldridge, Personal Representative of Ian Wooldridge, through her undersigned attorney, prays for the entry of a judgment in her favor and against defendant Honeywell, International for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT VII

1-2. As paragraphs 1-2 of Count VII, plaintiff realleges paragraphs 1-2 of Count I.

3. On a date prior to October 23, 2010, defendant Honeywell designed, manufactured, assembled and sold a certain avionics component known as the Skymap IIIC which defendant Honeywell represented would provide the pilot of a helicopter with certain information, specifically including the height of terrain in the area of the flight.

4. On a date prior to October 23, 2010, defendant Jeppesen Sanderson, Inc. ("Jeppesen") provided the data to defendant Honeywell to be used in defendant Honeywell's Skymap IIIC, including the terrain data.

5. On October 23, 2010, plaintiff's decedent Ian Wooldridge was a passenger on board a certain Agusta 109 helicopter, registration N2NR, being operated in Northern Ireland. The subject helicopter was equipped with a Honeywell Skymap IIIC with defendant Jeppesen's data, including terrain data.

9

6. At the time the subject data left the custody and control of defendant Jeppesen, it was defective and unreasonably dangerous in one or more of the following respects:

    (a) the data did not include terrain above 2,000 feet

    (b) the data falsely depicted terrain which actually was *above* 2,000 feet as being *below* 2,000 feet

    (c) the data did not contain any warning or advice that it did not include terrain above 2,000 feet;

    (d) the data did not contain any warning or advice that terrain which actually was above 2,000 feet would be falsely displayed as being below 2,000 feet.

7. As the direct and proximate result of one or more of the above-described unreasonably dangerous defects in defendant Jeppesen's data, the subject helicopter in which plaintiff's decedent was a passenger was caused to collide with Shanlieve Mountain, which defendant Jeppesen's data had falsely depicted as being below 2,000 feet, and plaintiff's decedent was killed.

8. Plaintiff's decedent left surviving heirs and beneficiaries, specifically the plaintiff and Rhett Wooldridge, a minor and the son of plaintiff and plaintiff's decedent, for whose benefit this action is brought

9. The plaintiff and the other heir and beneficiary of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

10. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiff Thandi Wooldridge, Personal Representative of Ian Wooldridge, through her undersigned attorney, prays for the entry of a judgment in her favor and against defendant Jeppesen Sanderson, Inc. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT VIII

1-2. as paragraphs 1-2 of Count VIII, plaintiff realleges paragraphs 1-2 of Count I.

3-7. As paragraphs 3-7 of Count VIII, plaintiff realleges paragraphs 3-7 of Count VII.

8. As the direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions of defendant Jeppesen's data which caused the subject helicopter to crash into Shanlieve Mountain, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

9. Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

10. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiff Thandi Wooldridge, Personal Representative of Ian Wooldridge, through her undersigned attorney, prays for the entry of a judgment in her favor and against defendant Jeppesen Sanderson, Inc. for an amount in excess of the

11

minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT IX

1-2. As paragraphs 1-2 of Count IX, plaintiff realleges paragraphs 1-2 of Count I.

3. On a date prior to October 23, 2010, defendant Honeywell designed, manufactured, assembled and sold a certain avionics component known as the Skymap IIIC which defendant Honeywell represented would provide the pilot of a helicopter with certain information, specifically including the height of terrain in the area of the flight.

4. On a date prior to October 23, 2010, defendant Jeppesen provided the data to defendant Honeywell to be used in defendant Honeywell's Skymap IIIC, including the terrain data.

5. On October 23, 2010, plaintiff's decedent Ian Wooldridge was a passenger on board a certain Agusta 109 helicopter, registration N2NR, being operated in Northern Ireland. The subject helicopter was equipped with a Honeywell Skymap IIIC with defendant Jeppesen's data, including terrain data.

6. At all relevant times hereto, defendant Jeppesen owed plaintiff and plaintiff's decedent a duty to use reasonable care in providing the data, including the terrain data, to be used by defendant Honeywell in its Skymap IIIC so as not to cause injury to, or the death of, plaintiff's decedent.

7. Defendant Jeppesen negligently breached its duty of care owed to plaintiff and plaintiff's decedent through one or more of the following negligent acts or omissions:

      (a) negligently provided the subject data such that the data
          did not include terrain above 2,000 feet;

      (b) negligently provided the subject data such that the data

falsely depicted terrain which actually was *above* 2,000 feet as being *below* 2,000 feet

(c) negligently failed to warn or advise that the data did not include terrain above 2,000 feet

(d) negligently failed to warn or advise that terrain which actually was above 2,000 feet would be falsely displayed as being below 2,000 feet;

(e) negligently failed to advise defendant Honeywell to include all terrain above 2,000 feet up to 9,000 feet, as represented in defendant Honeywell's user manual.

8. As the direct and proximate result of one or more of the above-described negligent acts or omissions of defendant Jeppesen, the subject helicopter in which plaintiff's decedent was a passenger was caused to collide with Shanlieve Mountain, which defendant Jeppesen's data had falsely depicted as being below 2,000 feet, and plaintiff's decedent was killed.

9. Plaintiff's decedent left surviving heirs and beneficiaries, specifically the plaintiff and Rhett Wooldridge, a minor and the son of plaintiff and plaintiff's decedent, for whose benefit this action is brought

10. The plaintiff and the other heir and beneficiary of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

11. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiff Thandi Wooldridge, Personal Representative of Ian Wooldridge, through her undersigned attorney, prays for the entry of a judgment in her

favor and against defendant Jeppesen Sanderson, Inc. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT X

1-2. As paragraphs 1-2 of Count X, plaintiff realleges paragraphs 1-2 of Count I.

3-8. As paragraphs 3-8 of Count X, plaintiff realleges paragraphs 3-8 of Count IX.

9. As the direct and proximate result of one or more of the above-described negligent acts and omissions of defendant Jeppesen which caused the subject helicopter to crash into Shanlieve Mountain, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

10. Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

11. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiff Thandi Wooldridge, Personal Representative of Ian Wooldridge, through her undersigned attorney, prays for the entry of a judgment in her favor and against defendant Jeppesen Sanderson, Inc. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT XI

1-2. As paragraphs 1-2 of Count XI, plaintiff realleges paragraphs 1-2 of Count I.

14

3. On a date prior to October 23, 2010, defendant Honeywell designed, manufactured, assembled and sold a certain avionics component known as the Skymap IIIC which defendant Honeywell represented would provide the pilot of a helicopter with certain information, specifically including the height of terrain in the area of the flight.

4. On a date prior to October 23, 2010, defendant Jeppesen provided the data to defendant Honeywell to be used in defendant Honeywell's Skymap IIIC, including the terrain data.

5. On October 23, 2010, plaintiff's decedent Ian Wooldridge was a passenger on board a certain Agusta 109 helicopter, registration N2NR, being operated in Northern Ireland. The subject helicopter was equipped with a Honeywell Skymap IIIC.

6. At the time the data left the custody and control of defendant Jeppesen, it was defective and unreasonably dangerous in one or more of the following respects:

      (a) the data did not include terrain above 2,000 feet

      (b) the data falsely depicted terrain which actually was *above* 2,000 feet as being *below* 2,000 feet

      (c) the data did not contain any warning or advice that it did not include terrain above 2,000 feet;

      (d) the data did not contain any warning or advice that terrain which actually was above 2,000 feet would be falsely displayed as being below 2,000 feet.

7. At all times relevant hereto, defendant Jeppesen reported to, and continues to report to, the Commercial Aviation Services business unit of the defendant The Boeing Co.'s ("Boeing") Commercial Airplanes Group.

8. At all times relevant hereto, defendant Boeing did not act towards defendant Jeppesen solely as an owner would act towards a subsidiary company. Rather,

15

defendant Boeing's control of defendant Jeppesen exceeded that exercised as a normal incident of ownership. Defendant Boeing treated defendant Jeppesen like an operating division, not as an independent, stand-alone company.

9. The role of defendant Boeing in the business of defendant Jeppesen went beyond the mere setting of financial goals and the developing of a general business strategy as an owner. Instead, defendant Boeing developed a business and budgetary strategy for defendant Jeppesen and required that defendant Jeppesen follow that strategy.

10. Defendant Boeing specifically directed, supervised, authorized and controlled the manner in which defendant Jeppesen conducted its activities so as to ensure that defendant Jeppesen followed the strategy mandated by defendant Boeing.

11. Defendant Boeing directly participated in the business of defendant Jeppesen by, at defendant Boeing's discretion, directing and overruling the decisions of defendant Jeppesen's management and interfering in defendant Jeppesen's internal management of its business.

12. Defendant Boeing specifically supervised and directed defendant Jeppesen in its preparation and production of the data, including the terrain date, provided to defendant Honeywell for use in defendant Honeywell's Skymap IIIC.

13. The injuries to, and death of, plaintiff's decedent was reasonably foreseeable as the proximate result of defendant Boeing's negligence in mandating a business strategy for defendant Jeppesen, authorizing and directing the manner in which that strategy was to be carried out, and in supervising and directing defendant Jeppesen in the preparation and production of the subject data.

14. Under these facts, defendant Boeing is strictly liable to plaintiff for its agent, defendant Jeppesen's, production and sale of the defective data and for the negligent acts and omissions of its agent, defendant Jeppesen, in preparing and selling this defective data.

15. Further, defendant Boeing itself owed a duty to plaintiff and plaintiff's decedent to exercise reasonable care in mandating a business strategy for defendant Jeppesen, authorizing and directing the manner in which that strategy was to be carried out, and in supervising and directing defendant Jeppesen in the preparation and sale of the subject data, so as not to cause injury to, or the death of, plaintiff's decedent.

16. Defendant Boeing negligently breached its duty owed by negligently supervising and directing and failing to properly supervise and direct defendant Jeppesen, specifically in the preparation and production of the subject data, such that the data contained those unreasonably defective and dangerous conditions set forth in paragraph 6 (a)-(d) above.

17. As the direct and proximate result of one or more of the above-described negligent acts or omissions of defendant Boeing, the subject helicopter in which plaintiff's decedent was a passenger was caused to collide with Shanlieve Mountain, which defendant Jeppesen's data had depicted as being below 2,000 feet, and plaintiff's decedent was killed.

18. Plaintiff's decedent left surviving heirs and beneficiaries, specifically the plaintiff and Rhett Wooldridge, a minor and the son of plaintiff and plaintiff's decedent, for whose benefit this action is brought

17

19. The plaintiff and the other heir and beneficiary of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

20. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiff Thandi Wooldridge, Personal Representative of Ian Wooldridge, through her undersigned attorney, prays for the entry of a judgment in her favor and against defendant The Boeing Co. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT XII

1-2. As paragraphs 1-2 of Count XII, plaintiff realleges paragraphs 1-2 of Count I.

3-17. As paragraphs 3-17 of Count XII, plaintiff realleges paragraphs 3-17 of Count XI.

18. As the direct and proximate result of one or more of the above-described negligent acts and omissions of defendant Boeing which caused the subject helicopter to crash into Shanlieve Mountain, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

19. Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

20. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiff Thandi Wooldridge, Personal Representative of Ian Wooldridge, through her undersigned attorney, prays for the entry of a judgment in her favor and against defendant The Boeing Co. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

_____
Floyd A. Wisner
Attorney for Plaintiff

Floyd A. Wisner
Wisner Law Firm
3N780 Trotter Lane
St Charles, IL 60175
(630) 513-9434
11151

19